UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                     (973) 645-4693
 BANKRUPTCY JUDGE                                                    Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**APRIL 7, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

April 7, 2008

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Raymond and Raymond
Herbert B. Raymond, Esq.
7 Glenwood Avenue
Suite 408
East Orange, New Jersey 07017
*Counsel for the Debtor*

New Jersey Department of Labor and Workforce Development, Unemployment Insurance
Peter C. Harvey, Attorney General for the State of New Jersey
Heather Lynn Anderson, Deputy Attorney General for the State of New Jersey
P.O. Box 106
Trenton, New Jersey 08625
*Counsel for the New Jersey Department of Labor and Workforce Development,*
*Unemployment Insurance*

Re:   **In re Suzette May**
      **Case No. 04-48465 (DHS)**

Page 2
April 7, 2008

Dear Counsel:

On or about December 29, 2005, Suzette May (hereinafter "Debtor") filed a motion for turnover of unemployment benefits and Order foreclosing the future recoupment of current unemployment benefits. The Debtor argues that the New Jersey Department of Labor and Workforce Development, Unemployment Insurance (hereinafter "NJDOL") wrongfully withheld post-petition unemployment benefits as a setoff or recoupment in violation of the automatic stay. The NJDOL filed opposition to Debtor's motion, arguing that the withholding of unemployment benefits is a proper recoupment not subject to the automatic stay, relying upon *Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984) and case law in other jurisdictions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A) and (G). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute this Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. For the reasons that follow, the Debtor's motion is denied.

In 2000, the NJDOL paid the Debtor unemployment benefits based upon representations made by her that she was unemployed. In fact, the Debtor was actually employed by ARC Medical & Professional Personnel from April 23, 2000 through October 21, 2000, while receiving such benefits. On March 14, 2003, the NJDOL sent the Debtor a fact-finding notice, to which she failed to respond. Subsequently, the NJDOL conducted a hearing wherein the Debtor was found to have willfully committed fraud by representing that she was unemployed. The Debtor did not appeal the finding.

On December 8, 2004, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The NJDOL filed a proof of claim in the amount of $7,259.40. At the time of filing, the Debtor was gainfully employed. Subsequently, the Debtor lost her employment and became eligible for unemployment benefits. However, instead of reimbursing benefits immediately, the NJDOL withheld payments, applying benefits to its overpayment claim arising from the benefits the Debtor received fraudulently in 2000. As of December 29, 2005, the NJDOL had recouped $3,783, which represents a portion of the principal amount of the debt owed to it. The NJDOL is presumably still withholding benefits from the Debtor.

Section 553 of the Bankruptcy Code provides that a debt owed by a creditor to a debtor may be "setoff" by a claim the creditor holds against the debtor. 11 U.S.C. 553(a)(2008). Only debts and claims that arose prior to the commencement of the debtor's case may be setoff against one another.

Page 3
April 7, 2008

*Id.* Pre-petition claims against the debtor may not be setoff against post-petition debts owed to the debtor. *Id.*

The common law doctrine of recoupment provides an exception to setoff in bankruptcy cases. Recoupment is applied when the limitations of setoff in bankruptcy prove inequitable. *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992). In order for the recoupment doctrine to be applied, both debts must arise out of a single integrated transaction such that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations. *Id.* at 1081. In the context of bankruptcy, recoupment has most often been applied when the creditor's claim against the debtor and the debtor's claim against the creditor arise from the same contract. *Lee*, 739 F.2d at 875. Because recoupment does not involve separate mutual debts, it is an exception to the automatic stay. *Id.* In order to determine if recoupment is proper, the Court must look to the particular facts and equities of each case. *In re Malinowski*, 156 F.3d 134, 135 (2d Cir. 1998).

The Third Circuit has not directly addressed the applicability of the recoupment doctrine with respect to the overpayment of unemployment benefits. In arguing that the NJDOL's actions violated the automatic stay, the Debtors rely upon *Lee*, in which the Court of Appeals addressed the applicability of the recoupment doctrine to the overpayment of Social Security benefits. In *Lee*, the Court distinguished contract recoupment cases from social welfare benefit recoupment cases, noting that social welfare payments were "statutory "entitlements rather than contractual rights." *Lee*, 739 F.2d at 876. Finding Social Security Benefits to belong to the former group, the Court held that the Social Security Administration's attempt to recover pre-petition overpayments of social security benefits by withholding post-petition benefits was in violation of the automatic stay. *Id.*

The Debtor also relies upon *In re Malinowski*, 156 F.3d 134 (2d Cir. 1998), in which the Court held that the New York Department of Labor improperly recouped its overpayment in violation of the debtor's stay. However, *In re Malinowski* was a Second Circuit case and involved New York rather than New Jersey unemployment compensation law. While New Jersey's statute expressly provides for recoupment, New York's statute does not. Further, in *In re Malinowski,* the Debtor had not been accused of fraud, a fact the Court found significant in light of the equitable nature of the recoupment remedy and as grounds to distinguish it from the line of cases discussed below. *Id.* at 135.

The applicability of the recoupment doctrine in the specific context of unemployment benefits has been addressed in two recent decisions within this district in cases closely analogous to the one here. In *In re Mewborn*, 367 B.R. 529 (Bankr. D.N.J. 2006), The Honorable Gloria M. Burns of the United States Bankruptcy Court for the District of New Jersey determined that the NJDOL's post-petition withholding to counter pre-petition overpayments of unemployment benefits in a Chapter 13 case was a proper recoupment and not in violation of the automatic stay. In an opinion reviewing the

Page 4
April 7, 2008

case law across the circuits with respect to this issue, Judge Burns concluded that State Departments of Labor are entitled to recoup fraudulently received unemployment compensation benefits against future benefits. In distinguishing state unemployment benefits from the Social Security benefits at issue in *Lee,* Judge Burns determined "recoupment is justified because unemployment compensation is a societal contract and not an entitlement." *Id.* at 539.

In *In re Sarmiento & Ramos*, 2007 U.S. Dist. LEXIS 67275 (D.N.J. 2007), The Honorable Peter G. Sheridan of the United States District Court for the District of New Jersey reversed an order of the Bankruptcy Court and held that the NJDOL's recoupment of unemployment benefits was a proper recoupment and therefore not in violation of the automatic stay. Citing *In re Mewborn* and finding the presence of fraud and the lack of state resources to bring criminal proceedings against abusers of the system, the district court held recoupment to be an appropriate remedy when fraud is proven.

In *In re Covington*, The Honorable Morris Stern of the United States Bankruptcy Court for the District of New Jersey issued an oral ruling accepting *In re Mewborn* as persuasive authority and held that the NJDOL's withholding of post-petition benefits to apply against pre-petition overpayments did not violate the automatic stay. Oral Transcript of Record, *In re Covington*, No. 02-44720 (Bankr. D.N.J. Nov. 15, 2006).

This Court will follow *In re Mewborn*, *In re Sarmiento & Ramos*, *In re Covington* and the case law upon which those cases rely, holding that the NJDOL's attempt to recoup pre-petition payments caused by the Debtor's fraud through withholding post-petition benefits is not in violation of the automatic stay.

As recognized in *In re Mewborn* and the line of cases upon which it relies, the nature of unemployment benefits is distinguishable from a government benefit such as social security, which is largely the product of an employee's labor and individual contributions. *In re Mewborn,* 367 B.R. at 537 (citing *Ross v. Mo. Div. of Emp. Sec.* (*In re Ross)*, 104 B.R. 171, 173 (E.D. Mo. 1989). In contrast, an individual makes only minimal payments to an unemployment insurance fund, which acts as insurance for society at large. *In re Mewborn,* 367 B.R. at 540. Further, a debtor does not hold a property right in employment benefits in the same way he does with social security benefits, which are contributed to individually. *Id.* Unlike a beneficiary of unemployment benefits, a social security benefit claimant cannot be disqualified from receiving benefits. *Id.* Thus, while social security is a clearly recognizable social welfare benefit or "statutory entitlement," unemployment benefits are of a different nature. *Id.*

The receipt of unemployment benefits instead creates a societal contract, establishing a "continuous and ongoing relationship" between the state and the recipient, with both benefits and

Page 5
April 7, 2008

obligations accruing to the latter.[1] *Id.* at 536 (quoting *In re Maine*, 32 B.R. 452 (Bankr. W.D.N.Y. 1983). In order to begin receiving benefits, an applicant must meet certain eligibility requirements and is subject to continuing obligations once payments begin. N.J.S.A. 43:21-4. While employed, an individual has the obligation to contribute to the state unemployment insurance fund for the benefit of others who are currently unemployed or who become so thereafter. When unemployed, an individual benefits from the deposits made into the fund as a building block permitting the re-establishment of financial livelihood. Despite the fact that the receipt of benefits may be sporadic, the contractual agreement between a recipient and the state is an ongoing one and New Jersey's unemployment benefits statute specifically provides for recoupment of payments obtained through fraud. *In re Mewborn,* 367 B.R. at 540 (citing *N.J.S.A.* 43:21-16(d)(1) (2004)). As unemployment compensation is a societal contract rather than an entitlement, and as the payment of pre-petition benefits obtained through fraud and the recovery of these payments post-petition arise out of the same transaction for the purposes of recoupment, the Third Circuit's integrated transaction test is satisfied and recoupment of employment benefits crossing the petition date does not violate the automatic stay. *Id.* at 537-38 (citing *In re Stratman*, 217 B.R. 250, 252-253 (S.D. Ill. 1998); *In re Adamic*, 291 B.R. 175 (Bankr. D. Colo. 2003)).

Support for the recoupment provision can also be garnished from New Jersey courts and the public interest. *In re Mewborn,* 367 B.R. at 540. The recoupment provisions of New Jersey's statute are "designed to preserve the Unemployment Trust Fund for the payment of benefits to those individuals entitled to receive them." *Id.* (quoting *Bannan v. Board of Review,* 691 A.2d 895, 897 (N.J. Super. Ct. App. Div. 1997)). The State has a responsibility to serve "not only the interests of the individual unemployed, but also the interests of the general public." *In re Mewborn*, 367 B.R. at 540 (quoting *Bannan,* 691 A.2d at 897). To allow wrongdoers to commit fraud without redress through the protections afforded to a debtor under bankruptcy laws would be to cause a breach of state lawmakers' fiduciary responsibilities toward the state unemployment compensation fund entrusted to their care. *In re Sarmiento*, LEXIS 67275 at *3.

However, as recoupment is an equitable remedy, the Court must examine the particular facts of each case in determining whether recoupment is proper. *In re Mewborn* 367 B.R. 529 (citing *In re Malinowski*, 156 F.3d at 135). Here, the Debtor fraudulently misrepresented her employment status in order to receive unemployment benefits. To deny recoupment would permit the Debtor to benefit from her fraud at the cost of the NJDOL and the public.

---

[1] In *In re Univ. Med. Ctr.,* the Third Circuit noted that an express contractual right is not necessary to effect a recoupment. 973 F.2d at 1080.

Page 6
April 7, 2008

   For the reasons set forth above, the Debtor's motion requesting turnover of unemployment benefits is denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

              Very truly yours,

              /s / *Donald H. Steckroth*

              DONALD H. STECKROTH
              UNITED STATES BANKRUPTCY JUDGE

Enclosure